Turley, J.
delivered the opinion of the court.
This bill is filed by complainant to recover a distributive share of the estate of Owen Franklin, deceased.
The complainant, Bird Cannon, alleges that his wife, Lucinda, is a daughter of Owen Franklin, and as such is one of the distributees.
*411 This fact is controverted by the defendants. They admit there was a child, Lucinda, born of Owen Franklin’s wife during his lifetime, and while they lived together as man and wife; but they contend that she was not his child, but the child of one John Morgan; and they also contend that the wife of complainant is not this child Lucinda, but another born to John Morgan by the wife of Owen Franklin after they had separated, and she and Morgan had removed together to the State of Georgia. There is much proof taken upon these points, which is now presented for ■ the consideration of the court.
Upon the first proposition, was Lucinda, the child born by Mrs. Franklin during the time she lived with her husband, the child of her husband? We think it was not. The proof of her notoriously licentious conduct; the embecile character of her husband; the habit of intimacy between her and Morgan; the expressed opinion of both Morgan and herself, that Lucinda was his child; the dying declaration of Owen Franklin that she was not his; the want of resemblance to his family, and the striking one to that of Morgan; the fact that Mrs. Franklin when she abandoned her husband, carried this child with her to Morgan, that they claimed it and gave it her name, all prove to a moral certainty that Lucinda was not the child of Owen Franklin.
Let us examine if they prove it to a legal certainty. In Mathew’s treatise upon presumptive evidence page 22 et sequi-tur,we read; “The presumption, that a child bom in wedlock, is legitimate, results from the principles of natural justice; it rests simply on the supposition of the virtuous conduct of the mother; a branch of that equitable rule, which assumes the innocence of a party, until proof be brought of actual guilt. Formerly the presumption in favor of the legitimacy of a married woman’s offspring, was strict and unyielding to an extreme.” Lord Coke, in his commentaries on Littleton lays it down, that by the common law, if the husband be within the four seas, (that is within the Jurisdiction of England,) and his wife have issue, no evidence is admissible to prove the child a bastard, except in the sole case of an apparent impossibility of *412 procreation by the husband, as of his not having attained the age of puberty &c. “But in modem times, though the ancient policy of the law remains still unaltered as regards the general principle, the rule of evidence having varied, the severity of the application is done away; and the doctrine conformably with what it appears to have been, at an earlier period, is reduced to the standard of honor and sense. Although the presumption in favor of legitimacy, therefore still holds whenever it is not inconsistent with the facts of the case, yet if such circumstances be in proof, as clearly negative the truth of the presumption, the legal intendment will fail. With regard to the nature of the evidence which is competent to prove the fact of non-access, few rules of general application can be given. But it seems that the misconduct of the wife may be adduced as a powerful argument against the supposition of the husband’s association with her; for example, when she lives in open adultery with another man, and a fortiori, when her child takes the name of that individual and is brought up by him. Goodright vs. Saul, 4th T. R., 356. But generally it is not from any particular circumstances singly considered, that the presumption of non-access arises; this for the most part, is only an inference from all the circumstances taken together, the cogency of proof in each case being in the consistency and mutual relation of facts, which viewed by themselves, might perhaps be regarded as comparatively insignificant.”
These principles are clear and significant, and we hesitate not to say, that the facts of this case, under them, fully warrant the court in believing that the wife of the Compt. Bird Cannon, is not the daughter of Owen Franklin.
But in addition to this, if it were necessary, we think that the proof, to say the least of it, leaves it extremely doubtful, whether the child Lucinda, borne by Mrs. Franklin, previous to her abandonment of her husband, did not die; and whether the present Lucinda the wife of Complainant, Cannon, was not born afterwards in the State of Georgia; but it is not necessary to determine this fact.
Then upon the whole view of the case, we are of the opinion that Lucinda Cannon is not a distributee of Owen Franklin; *413 and affirm the decree of the Chancellor, dismissing the bill of complainant.